ISSENHUTH, Appellant, v. INDEPENDENT SCHOOL DISTRICT NO. 22 of CORSICA, DOUGLAS COUNTY, SOUTH DAKOTA, Respondent.

(222 N. W. 494.)

(File No. 6601. Opinion filed December 20, 1928.)

*Charles A. Kelley,* of Huron, and *Walker & Gurley,* of Armour, for Appellant.

*Stewart Sharpe,* of Delmont, and *Wanzer & Bandy,* of Armour, for Respondent.

POLLEY, J. Plaintiff is an architect and brings this action to recover pay for a set of plans and specifications for a schoolhouse prepared by him for the defendant. The plans were prepared pursuant to a written contract in which the size, style, capacity, and cost of the building were all specified. The contract fixed plaintiff's compensation in case of the construction of the building and also what he was to have in case of the abandonment of the enterprise.

The plans and specifications, together with the estimate of the cost of the proposed building, were submitted to defendant on the 11th day of August, 1919, and accepted by defendant on the following day. Notice of call for bids on the construction of the building was published. Bids were opened on the 15th day of September, and the lowest bid submitted exceeded the amount specified as the cost of the building by approximately 50 per cent. Plaintiff was present when the bids were opened and at the trial testified that:

"After the bids were opened that night, I suggested reducing the size of the building to which they [the School Board] objected. It must seat 200 or they wouldn't build, in which case I couldn't

reduce. I then suggested increasing the amount of money and they said that couldn't be done without adding more territory or calling another election and someone mentioned that they had already gone the limit which was my first opinion along that line. So the only thing we could do was to reject all bids, reconsider everything and then plan to start anew, which I did."

The bids were rejected, and so far as defendant is concerned no further action was taken, and plaintiff never submitted any other plans. It is not contended that at the time the bids were opened the building planned by plaintiff could have been built for $26,000 nor for approximately that amount, and it is upon that ground alone that defendant resists payment for the plans. Verdict and judgment were for defendant, and plaintiff appeals.

In 5 C. J. at page 262, the law on this subject is stated as follows:

"Where plans are required for a building not to cost more than a certain sum, or are accepted on condition that it can be erected for a given amount, there can be no recovery by the architect unless the building can be erected for the sum named, or unless the increased cost is due to some special circumstances."

And again:

"Where an architect submits estimates of the probable cost of a building he cannot recover for his plans unless the estimate is reasonably near the actual cost."

Plaintiff does not appear to question this proposition of law, nor does he contend that the building called for by his plans could have been erected at the time the bids were opened for anywhere near the amount of his estimate, but contends that it was because of the rapid advance in the cost of labor and building material between the 11th day of August, when the contract was entered into, and the 15th day of September, 1919, when the bids were opened, that the probable cost of the building so greatly exceeded his estimate. While the instructions to the jury are not set out in full in the record, the case appears to have turned upon the question of the change in price between the time of preparing the plans and the opening of the bids.

■ The court, over proper objection by appellant, admitted the bids in evidence, and error is assigned. It is not shown that appellant was prejudiced by the reception of this evidence. Whe-

ther the great discrepancy between the probable cost of the building and the amount of the estimate was caused by the rapid advance in the cost of labor and material was submitted to the jury on conflicting evidence, and the verdict of the jury is final on that question. Moreover, it is apparent from the testimony of the plaintiff himself above set out that plaintiff accepted the face of the bids as decisive of the amount of the costs of the building.

The court charged the jury:

"That an architect in designing a building and preparing plans and specifications is not required to definitely and correctly estimate the cost of such proposed building, but if the amount to be expended upon such building is stipulated in a contract of hiring, he is, in order to perform the terms and conditions of the contract, required to prepare plans and specifications and design a building which will approximately cost the amount stipulated, that is, will not exceed in cost the amount stipulated in any substantial sum."

Appellant complains of this instruction because, he claims, that he did not "stipulate" that the building called for by his plans could be erected for $26,000, but that he merely estimated that such building could be erected for that amount. Appellant apparently misunderstands that instruction, for the contract entered into between plaintiff and defendant specifically limits the cost of the building to $26,000. It was distinctly understood by appellant when he entered into the contract with defendant that $26,000 was all that defendant had that could be used in the construction of the building. There was no error in giving this instruction.

The remaining assignments have been examined but no error is disclosed.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.